BARFIELD, Judge.
In this workers’ compensation appeal, the employer contests the award of wage loss benefits from August 1986 through May 1987, excluding December 1986. We affirm.
The employer contends that the deputy commissioner erred in rejecting its argument that under section 440.15(6), Florida Statutes (1983), the claimant is not entitled to compensation because he has voluntarily limited his income by refusing an offer of employment within his limitations. The employer offered the claimant a light duty job, but required him to undergo a physical examination and consent to urinalysis drug testing at the time of the examination and on a random basis thereafter.[1]
The claimant accepted the offer of employment and agreed to undergo the physical examination and urinalysis. However, because he feared it would jeopardize his workers’ compensation claim, and on the advice of his attorney, the claimant refused to sign the consent form which contained a provision waiving “all claims, charges or causes of action” against the employer or the testing technician “which may arise from this urinalysis test or any investigation relating to or arising out of such urinalysis testing.”
The deputy commissioner found that the claimant had conducted a proper job search for each month during the claim period except December 1986, that he did not refuse to accept the position offered and did not refuse to submit to a physical examination and urinalysis, and that his refusal to sign the consent form did not constitute an unreasonable refusal of employment under section 440.15(6). Competent, substantial evidence supports these findings. The order is AFFIRMED.
WENTWORTH, J. and FRANK, RICHARD H., Associate Judge, concur.

. The employer had adopted a new policy during the claimant’s recovery from his accident, requiring all new and rehired employees to undergo urinalysis drug testing at the start of their employment, and requiring all employees to consent to random drug testing as a condition of continued employment.